U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JONATHAN SANTIAGO ROSARIO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

STARBUCKS CORPORATION,

Defendant.

NO.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Jonathan Santiago Rosario, on behalf of himself and all others similarly situated, files this Class Action Complaint against Starbucks Corporation ("Starbucks" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## I.  NATURE OF THE CASE

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), brought on behalf of applicants for employment with Starbucks, an American coffee company and coffeehouse chain. Plaintiff contends that Starbucks systematically violates section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment actions without, beforehand, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights

CLASS ACTION COMPLAINT - 1

under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

2. The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Starbucks. This action involves Starbucks's systematic violations of several of those important rules.

3. Plaintiff was denied employment as a barista at a Starbucks store based upon a standardized background screen conducted by Accurate Background, Inc. ("Accurate Background") pursuant to an agreement between Accurate Background and Starbucks whereby Accurate Background performs a standardized background screen on all of Starbucks' candidates for hire or promotion. Accurate Background adjudicated Plaintiff as not eligible for the job based upon the purported existence of multiple felony and misdemeanor charges and convictions. These crimes, however, do not belong to or relate to Plaintiff. These crimes are believed to have been committed by Plaintiff's adoptive brother.

4. In violation of the FCRA, Starbucks willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report it obtained from Accurate Background, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to Starbucks for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and classes of similarly situated employment applicants for whom Starbucks failed to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

CLASS ACTION COMPLAINT - 2

## II.  PARTIES

6. Plaintiff Jonathan Santiago Rosario is a "consumer" as protected and governed by the FCRA, and resides in Castle Rock, Colorado.

7. Defendant Starbucks regularly conducts business in the Western District of Washington and has a principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134.

## III.  JURISDICTION AND VENUE

8. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Starbucks can be found in this District and regularly sells its products and services in this District.

## IV.  FACTUAL ALLEGATIONS

10. In or about March 2016, Jonathan Santiago Rosario sought employment with Starbucks.

11. Mr. Rosario interviewed for a barista position at a new Starbucks location scheduled to open in or around May or June 2016 in Castle Rock, Colorado and understood that the position for which he was applying was a part time position between 25 and 30 hours per week and paying an hourly rate of approximately $9.25 with the possibility of receiving benefits after working a certain number of hours.

12. After the interview, on or about March 29, 2016, Starbucks requested Accurate Background to conduct a background check, including a criminal history check, on Mr. Rosario, and to provide the results, including its adjudication, to Starbucks.

13. Between March 29 and April 7, 2016, Starbucks received a background report from Accurate Background concerning Mr. Rosario which listed inaccurate criminal felony and misdemeanor records that are believed to be the result of identity theft and that Mr. Rosario's adoptive brother is the alleged perpetrator of the identify theft.

CLASS ACTION COMPLAINT - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14. The background report on Mr. Rosario provided by Accurate Background to Starbucks reported Lancaster County, Pennsylvania criminal convictions for robbery (felony), criminal conspiracy engaging – robbery (felony), robbery – inflicted threat immediate body injury (felony), and simple assault (misdemeanor), and York County, Pennsylvania criminal convictions for manufacturing/delivery/possession with intent to manufacture/deliver a controlled substance (felony).

15. All the criminal record history reported by Accurate Background to Starbucks was inaccurate. Mr. Rosario is not the perpetrator of these crimes and has never been to Pennsylvania.

16. Sometime between March 29, 2016 and April 7, 2016, Starbucks removed Plaintiff from hiring consideration based upon the Accurate Background consumer report, which adjudicated Mr. Rosario as being not eligible for employment with Starbucks.

17. Starbucks adopted Accurate Background's adjudication as its own without any further process being provided to Mr. Rosario and took adverse action against Plaintiff based upon that adjudication.

18. On or about April 20, 2016, Starbucks sent a letter to Mr. Rosario by regular mail, which Plaintiff did not receive until several days later.

19. The April 20, 2016 letter stated, *inter alia*,

> Unfortunately at this time your background check does not meet our requirements. However, at Starbucks we aim to evaluate each person and their unique circumstances on a case by case basis. You may appeal this decision by contacting us … and Starbucks will provide you with documentation to complete. If your appeal is successful, we will reverse the results and reinstitute your offer of employment.

20. By the time the April 20, 2016 letter was received by Mr. Rosario, he was already denied the job at the Starbucks store based upon the consumer report that Starbucks had obtained from Accurate Background.

21. The negative adjudication of Plaintiff's application occurred prior to Plaintiff being notified in writing of that fact and prior to Plaintiff being provided with a copy of the

CLASS ACTION COMPLAINT - 4

report or any meaningful opportunity to dispute it.  In doing so, Defendant failed to comply with the FCRA's pre-adverse action notification requirements.

22. As a direct result of Defendant's unlawful adoption and use of the Accurate Background consumer report and Accurate Background's adjudication of Mr. Rosario's employment application, Mr. Rosario lost the job at Starbucks.

23. Mr. Rosario disputed the inaccurate criminal information in his background report in or about May 2016 very soon after he learned that his job application was denied.  Mr. Rosario followed Accurate Background's dispute procedures and the background report was corrected on May 19, 2016.

24. Accurate Background's representative Sidney Christiansen confirmed by email to Mr. Rosario on May 19, 2016 that a corrected copy of his background report was re-sent to Starbucks.

25. Despite numerous follow-up phone calls to Starbucks on May 24, 2016, June 1, 2016, June 2, 2016 and June 4, 2016, Mr. Rosario was not able to resuscitate the job opportunity that he had already lost due to the adjudication and Starbucks never "reversed" its adverse action that it had already taken against Plaintiff.

## V. CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

> (a) All applicants for employment with Starbucks or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a consumer report that was used by Starbucks and/or its subsidiaries to take an adverse employment action regarding such applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Starbucks and/or its subsidiaries failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights at least five business days before taking the adverse employment action.

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

(b) All applicants for employment with Starbucks or any subsidiary thereof residing in the United States (including all Territories or other political subdivisions of the United States) who were the subject of a consumer report that was used by Starbucks and/or its subsidiaries for employment purposes, within five years prior to the filing of this action and extending through the resolution of this case, and to whom Starbucks sent or caused to be sent a letter substantially similar in form to the May 20, 2016 letter sent to Plaintiff.

27. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

28. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant procures and uses hundreds if not thousands of consumer reports on applicants for employment each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

29. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

(a) Whether Defendant failed to provide each applicant for employment a copy of their consumer report at least five business days before Defendant took adverse action based upon the consumer report;

(b) Whether Defendant failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Defendant took adverse action based upon the consumer report;

(c) Whether Defendant acted willfully or negligently in disregard of the rights of employment applicants in its failure to permit its employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

30. **Typicality. FED. R. CIV. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

31. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes. His interests are aligned with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

32. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.  CAUSES OF ACTION
### COUNT I
### 15 U.S.C. § 1681b(b)(3)

33. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

34. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

35. The Accurate Background report ordered by Defendant is a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

36. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

37. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

38. Defendant Starbucks is a "person" and regularly uses background reports for employment purposes.  15 U.S.C. § 1681a(b).

39. The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

40. Defendant willfully and negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Classes the following before using such reports:  (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        B.      An award of actual, statutory and punitive damages for Plaintiff and the Classes;

2        C.      An award of pre-judgment and post-judgment interest as provided by law;

3        D.      An award of attorneys' fees and costs; and,

4        E.      Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 21st day of December, 2016.

                                             TERRELL MARSHALL LAW GROUP PLLC

                                             By:    /s/ Beth E. Terrell, WSBA #26759
                                                        Beth E. Terrell, WSBA #26759
                                                        Email:  bterrell@terrellmarshall.com
                                                        Erika L. Nusser, WSBA #40854
                                                        Email:  enusser@terrellmarshall.com
                                                        936 North 34th Street, Suite 300
                                                        Seattle, Washington  98103-8869
                                                        Telephone:  (206) 816-6603
                                                        Facsimile:  (206) 319-5450

                                                        James A. Francis*
                                                        Email:  jfrancis@consumerlawfirm.com
                                                        John Soumilas*
                                                        Email: jsoumilas@consumerlawfirm.com
                                                        Lauren KW Brennan*
                                                        Email: lbrennan@consumerlawfirm.com
                                                        FRANCIS & MAILMAN, P.C.
                                                        Land Title Building, Suite 1902
                                                        100 South Broad Street
                                                        Philadelphia, PA 19110
                                                        Telephone: (215) 735-8600
                                                        Facsimile: (215) 940-8000
                                                        *Pro hac vice applications forthcoming

                                                        *Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com