UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN SANTIAGO ROSARIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | No. 2:16-cv-01951 RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel Deposition of Accurate Background, LLC. Dkt. # 49.

**I.  BACKGROUND**

Plaintiff Jonathan Santiago Rosario brings a putative class action alleging that Defendant Starbucks Corporation violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), in relation to its use of pre-employment background checks. Dkt. # 1. On November 22, 2017, Plaintiff filed this motion to compel the deposition of a third party, Accurate Background, LLC ("Accurate"). Dkt. # 49. Accurate opposes the Motion. Dkt. # 55.

## II. DISCUSSION

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Accurate argues in its Response to Plaintiff's Motion to Compel that Plaintiff failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1). Contrary to this assertion, Accurate's Response details several discussions between Accurate and Plaintiff regarding Plaintiff's desire for a deposition and its dissatisfaction with Accurate's productions in response to Plaintiff's requests. Dkt. # 55 at 3. The Court will reiterate that the meet-and-confer requirements of the Court's Standing Order and the Federal and Local Rules are in place to minimize waste of judicial time and resources on issues that could be resolved amongst the parties. The facts as set forth in Plaintiff's Motion and supporting declaration, as well as Accurate's Response to Plaintiff's Motion evidence an effort to

discuss these discovery deficiencies with Accurate on several occasions. Dkt. ## 49, 50; Dkt. # 55 at 4.

Accurate also argues that Plaintiff's Notice of Subpoena set a deposition date of September 19, 2017, and that any other date would be unenforceable because the subpoena has expired. This argument is unpersuasive. Accurate offers no authority in support of its contention that Plaintiff is confined to the deposition date set forth in its Notice of Subpoena, especially when Accurate and Plaintiff are in discussions regarding the deposition sought. Accurate further argues that even if the subpoena was active, Plaintiff's Motion should be denied because Accurate has fully complied with the subpoena. Plaintiff represents that Accurate refuses to provide him with the discovery he requests after several attempts to come to an agreement regarding "alternative methods" of providing him that information. Accurate does not dispute that it has not complied with Plaintiff's request for a deposition, but instead argues that a "deposition would simply be a fruitless, burdensome exercise" that would reiterate information already given to Plaintiff. Dkt. # 55 at 8. It is apparent from Plaintiff's Motion that the information he seeks would not be duplicative of the information he has already received.

Finally, Accurate argues that a deposition would be unduly burdensome because the proffered witness is located in Colorado and a deposition would require either her or her counsel to travel. However, Plaintiff represents that he offered to take the deposition telephonically or by videoconference and to limit the time of deposition to approximately one hour. Dkt. # 49 at 3-4. Accurate provides no other convincing

argument to support its contention that a deposition would be improperly burdensome.

For the foregoing reasons, Plaintiff's Motion to Compel is **GRANTED.** Accurate Background, LLC is **ORDERED** to appear for a deposition, either by telephone or by video, at a mutually convenient time and place, within twenty-one (21) days of the date of this Order, absent extraordinary weather conditions that would greatly inconvenience either party if travel is involved. Dkt. # 49. Further, the Court has low tolerance for gamesmanship in discovery matters and finds that the sanction of attorney fees in this matter is unnecessary at this time, but may be inclined to do so in the future. Plaintiff's request for reasonable attorney fees associated with bringing this Motion is **DENIED.**

DATED this 8th day of January, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge